Mrs. Charles G. **MILLER**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 7215.

United States District Court
N. D. Georgia,
Atlanta Division.

May 27, 1960.

Hal Lindsay, Atlanta, Ga., for plaintiff.

Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for defendant.

MORGAN, District Judge.

This is an action brought by Mrs. Charles G. Miller, Plaintiff, against the United States of America, seeking refund of federal taxes paid on membership dues for the taxable period of January 1, 1951, to March 31, 1955, in the total sum of $171.00 with interest, which plaintiff paid

under protest, and which plaintiff now seeks to recover on the ground that such sum was wrongfully and illegally assessed and collected from her as an Internal Revenue tax.

It appears that the plaintiff has duly applied, in accordance with the applicable statutory procedure and to the proper executive officials, for such refund, which has been denied by such officials.

On December 4, 1961, the case was tried before the Court without a jury. At the conclusion of the trial, the Court took the case under advisement, pending receipt of briefs from the parties in support of their contentions. The briefs of the parties having been received, the Court, after considering the pleadings, evidence, and briefs of the parties, now makes and files herein its Findings of Fact and Conclusions of Law.

The Court now makes its findings:

## FINDINGS OF FACT

Mrs. Charles G. Miller was elected by the Board of Directors of Druid Hills Golf Club to an honorary membership for the year 1947, and plaintiff was re-elected thereafter for the years through 1954; however, the plaintiff was assessed for only one-half of the Year 1954, due to her resignation in mid-year.

Druid Hills Golf Club, Atlanta, Georgia, is a social, athletic or sporting club organization within the meaning of Section 1710(a) (1) and (3) of the Internal Revenue Code of 1939 (26 U.S.C.A. § 4241(a) (1) and (3)).

After being granted an honorary membership in the Druid Hills Golf Club, Mrs. Miller, who was the wife of the golf professional at the Druid Hills Country Club, enjoyed the privileges of the membership, and aided and assisted in the operation of the Druid Hills Club.

Mrs. Miller's election as an honorary member was extended to her by the Board of Directors of the Club in expression of their appreciation for her assistance in the operation of the Club.

The minutes of the Club's Board of Directors, introduced into evidence, reflected that honorary memberships were extended to outstanding athletic or public figures, i. e., golf or tennis stars, Federal Judges, newspapermen, ministers, and some few elected officials. The purpose in extending such honorary memberships was as a courtesy to such said athletes, ministers, Federal Judges, newspapermen, and elected officials.

The By-Law of the Druid Hills Country Club permitting the election of honorary members effective during the pertinent period (1949 through 1954) [1], was as follows:

ARTICLE VI. Section 5. HONORARY. The Board of Directors shall have the power at any time to elect to Honorary membership any individual who, for special reasons, may be elected for life or any specific length of time named by the Board at the time of election. Such membership may be reviewed annually and is subject to cancellation by action of the Board.

Honorary memberships had no right to vote at election of officers or directors and no right to hold office in the Club under Article IV, Sections 5 and 6 of the Constitution of the Club.

The evidence adduced at the trial and the testimony submitted on behalf of plaintiff and also from the minutes of the Club introduced clearly show that the plaintiff and other honorary members held such honorary memberships from year to year and were subject to annual review and to cancellation by action of the Board. This would clearly negative any idea that honorary memberships were life memberships as contended by the defendant.

The defendant contends that the true nature of the membership held by taxpayer in the Druid Hills Golf Club was such as to come within the meaning of a "life member" as used in Section 1710(a) (3)

[1.] Honorary and athletic memberships in Druid Hills Golf Club were abolished by the Board of Directors on December 31, 1954.

of the Internal Revenue Code of 1939, and thus taxable as such.

Section 1710 of the Internal Revenue Code of 1939 reads as follows:

"§ 1710. Tax.

"(a) *Rate.* There shall be levied, assessed, collected, and paid—

\* \* \* \* \* \*

"(3) *Life memberships.* In the case of life memberships, a tax equivalent to the tax upon the amount paid by active resident annual members for dues or memberships fees other than assessments, but no tax shall be paid upon the amount paid for life membership. In such a case, the tax shall be paid annually at the time for the payment of dues by active resident annual members."

The defendant contends that the status of "honorary members" was further clarified by Revenue Ruling 55–198 (1955–1 Cum.Bull. 510) which is contained in Prentice-Hall 189, 437, as follows:

189,437. *Prior law. Honorary memberships of life or limited duration.*—In order to come within the meaning of "life membership" it is not necessary that honorary memberships be termed such by the club, nor must there be a specific provision that the memberships are to continue for life. For the purpose of the tax an honorary member of a club who is entitled to the use of the facilities of the club for a period of indefinite duration is considered to be a life member. The right to vote and hold office is not a prerequisite for taxable life membership.

On the other hand, honorary memberships which are granted for a definite period of time and are in fact terminated at the expiration of that period, and not renewed, are not considered life memberships and are not subject to tax provided no dues or membership fees are paid. The fact that the club may retain the right to terminate honorary memberships at any time would not, of itself, constitute them memberships for a definite period of time.

Accordingly, it is held that all honorary members of the club (classified as (a) political and judicial memberships, (b) ministerial memberships, (c) special memberships, including public figures, (d) honorary membership after 40 years of club membership, and (e) honorary membership granted the widow of a member) are "life members" for purposes of the tax, with the exception of those public officers who are elected for periods of definite duration, and whose honorary membership is automatically terminated at the end of their tenure of public office.

This Ruling was issued during the year of 1955, after the end of the last of the pertinent tax years here involved, and certainly could have no retroactive effect. However, even under the provisions of this Ruling, honorary memberships in Druid Hills Golf Club are not taxable as life members. Honorary members in Druid Hills Golf Club were elected each year for that year, or the year immediately following, depending upon the time of the meeting of the Board of Directors at the time the member was elected. A card was issued to each member so elected for the year for which he or she was elected to honorary membership.

Revenue Ruling 55–198, supra, apparently came to the attention of the Congress, for by the Act of September 2, 1958, Public Law 85–859, Title 1, Section 132(a), 72 Statutes 1288; 26 U.S.C.A. § 4241, Cumulative Annual Pocket Supplement, 1960, a significant provision was added to Subsection (3) dealing with life memberships, which amendment reads as follows:

"No tax shall be payable under this paragraph on any life membership for which no charge is made to any person."

Counsel for defendant questioned the procedure adopted by the Board of Directors of the Druid Hills Club for electing honorary members annually. Counsel

contends that this procedure was merely in the nature of a review performed by the Board of Directors and was relatively meaningless and perfunctory. However, from the nature of the meeting, it clearly appears from the evidence that the honorary members, of which the plaintiff was one, were elected annually, and that each year a new card was issued to each honorary member so elected. Under these circumstances, it is clear that the duration of the honorary membership was truly definite. The case of Biddle v. Rothensies (30 AFTR 1663), cited by the defendant, differs from the facts here as the taxpayer in that case held a "proprietary" membership in a land company on which the Merion Cricket Club was erected, and that so long as taxpayer owned the interest in the land company with a substantial investment therein, he would be entitled to membership in the club.

The controlling question here is whether, in fact, the taxpayer's honorary membership was one of definite or indefinite duration. Once it is determined that the membership in question was, in substance, a definite one for a definite period, only the question of law remains, i. e., whether such a membership qualifies as one taxable, pursuant to the dues tax imposed by Section 1710 of the Internal Revenue Code of 1939.

### CONCLUSIONS OF LAW

1. Plaintiff taxpayer, along with other honorary members, held an honorary membership in the Druid Hills Golf Club during the taxable years involved. Honorary members in said Club were elected each year for that year or for the year immediately following, depending upon the time of the meeting of the Board of Directors at the time the member was elected.

2. A card was issued to each member so elected for the year for which he or she was elected to honorary membership.

3. Taxpayer being elected for a definite term of one year, such membership did not qualify as life membership and was not taxable pursuant to the dues tax

imposed by Section 1710 of the Internal Revenue Code of 1939.

Judgment for plaintiff will be granted. The Clerk will notify counsel to draft and submit judgment accordingly.